# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| KEVIN FOOTE (aka Kevin Kelly), Individually and on the behalf of all others similarly situated; *et al.* | **CIVIL ACTION** |
|  | **Case No: 2:24-cv-05351-MRP** |
| Plaintiffs, |  |
| v. |  |
| ALL ELITE WRESTLING, LLC; *et al.* |  |
| Defendants. |  |

## <u>ORDER</u>

     **AND NOW**, on this 21st day of November, 2024, upon consideration of Defendants' Omnibus Motion to Dismiss Plaintiffs' Complaint for Improper Venue or, in the Alternative, Transfer Venue, or Compel Arbitration and Dismiss Plaintiffs' Complaint (ECF No. 11), and the response thereto, it is hereby **ORDERED** that said Motion is **GRANTED** to the extent it seeks to transfer venue.[1] This case is hereby

---

[1]    Venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which a substantial part of the property that is the subject of the action is situated. 28 U.S.C. § 1391. Moreover, for a removed case, "venue is proper in 'the district court of the United States for the district and division embracing the place where such action is pending." *Halpern v. Centroid Sys.*, No. 2:24-cv-07037, 2024 WL 4533370, at \*8 (D.N.J. Oct. 21, 2024) (citing 28 U.S.C. § 1441(a)). Here, Plaintiffs originally filed in the Court of Common Pleas of Philadelphia County and the case was removed to the Eastern District of Pennsylvania, making venue proper. *Id.* The Middle District of Florida is also proper under § 1391(b)(2), as most of the claims stem from contracts that were negotiated, drafted, and terminated in Jacksonville, Florida.

    Defendants argue that Plaintiffs' contracts contain forum selection clauses within the arbitration provisions, which mandate this action proceed in Duval County, Florida. Plaintiffs respond that the forum selection clauses are unenforceable because they are unreasonable. A forum selection clause is unreasonable if (1) it is the result of fraud or overreaching, (2) enforcement would violate a strong public policy of the forum, or (3) enforcement would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 201 (3d Cir. 1983). A valid arbitration agreement specifying a particular location for resolving disputes operates as a "private manifestation of the parties' preferences on venue" and "weighs heavily in favor of transfer." *Id.* at \*9 ("The Court is not persuaded by Plaintiff's position that a forum selection clause contained within an arbitration provision is irrelevant, particularly in light of the Court's finding that said clause is valid and enforceable . . . ."); *see Optopics Lab'ys Corp. v. Nicholas*, 947 F. Supp. 817 (D. N.J. 1996) (transferring case to Eastern District of Pennsylvania, as the

transferred to the United States District Court for the Middle District of Florida.

---

arbitration provision selected Philadelphia as the appropriate forum); *Sinclair Broad. Grp., Inc. v. Interep Nat'l Radio Sales, Inc.*, No. CCB-05-326, 2005 WL 1000086 (D. Md. 2005) (transferring case to Southern District of New York, based, in part, on the parties' selection of New York as the arbitration forum. Here, Plaintiffs have not demonstrated that the forum selection clause is unreasonable. *See, e.g.*, *Kilduff v. Jayco, Inc.*, No. 5:23-cv-00470, 2023 WL 3361187 at *3 (E.D. Pa. May 10, 2023) (quoting *Polytek Dev. Corp. v. ''Doc' Johnson Enters.*, 532 F. Supp. 3d 243, 248 (E.D. Pa. 2021)) (stating that "mere inconvenience and additional expense" are insufficient to establish a forum selection clause as "so seriously inconvenient as to be unreasonable under the circumstances"). The forum selection clauses are standard within the professional wrestling industry, and the contracts were primarily negotiated, executed, and administered from Jacksonville, Florida. Thus, enforcement in Florida would not be so seriously inconvenient as to be unreasonable. Considering the convenience of the parties and the interest of justice, the balance favors transfer to the United States District Court for the Middle District of Florida.

Defendants also move to transfer this case pursuant to 28 U.S.C. § 1404(a), which aims "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Mosaid Techs., Inc. v. Sony Ericsson Mobile Commc'ns (USA), Inc.*, 885 F. Supp. 2d 720, 723 (D. Del. 2012) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted)). In this vein, courts weigh private and public interests when considering whether to transfer a case. *Jumara v. State Farm Ins.*, 55 F.3d 873, 879 (3rd Cir. 1995). Private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. *Id.* Public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) considerations of administrative difficulty resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879–80. The plaintiff's choice of forum and private interests are not considered when a valid forum selection clause exists. *C.H. Robinson Co. v. MSC Mediterranean Shipping Co., S.A.*, No. 2:23-cv-1384, 2024 WL 1363472, at *3 (E.D. Pa. Mar. 29, 2024) ("When a mandatory forum selection clause is at play, only the public interests are considered."); *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d at 48, 57 (3d Cir. 2018). But when the contract was not signed by all defendants, the non-signatory parties' private and public interests must be considered. *C.H. Robinson*, 2024 WL 1363472, at *3.

The public interest factors support transfer to the Middle District of Florida. Consolidating all claims in one venue would avoid duplicative trials, streamline discovery, and promote consistent outcomes. Further, although Pennsylvania has an interest in disputes involving its residents, Florida's interest in matters related to Defendant All Elite Wrestling, LLC's (AEW) business practices and contractual relationships supports transfer. Indeed, the parties agree that Florida law governs the instant contract dispute. As such, the public interest factors favor transferring the case to the Middle District of Florida.

Because Defendant Riccaboni is not a signatory to the Arbitration Agreement, the Court must assess the private interest factors as they relate to him. Although Plaintiffs have chosen Pennsylvania as their forum, "the plaintiff's choice is not necessarily decisive, particularly where the central facts of the lawsuit did not occur in the plaintiff's chosen forum." *Halpern*, 2024 WL 453370, at *9. As discussed above, most of the claims stem from a contract that was negotiated, drafted, and terminated in Florida. And because Defendant Riccaboni's statements were made on social media, "it cannot be said that a substantial part of the events occurred in one location or the other[.]" *Id.* As for Defendant Riccaboni's forum preference, he aligns with all other Defendants in preferring Florida due to his contractual relationship and defense agreement with Florida-based AEW. D.E. 11 at 15–16. While Plaintiffs argue that damages witnesses are in Pennsylvania and Tennessee, and Plaintiff Foote and Defendant Riccaboni are in Pennsylvania, the preponderance of witnesses and records are based in Jacksonville, Florida. Therefore, any relative inconvenience in Plaintiff Foote travelling to Florida is offset by the benefit of litigating the case with the remaining parties in Florida. Taken together, both the public and private interest factors weigh in favor of transfer.

BY THE COURT:

HON. MIA R. PEREZ