UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN FOOTE, ETC., ET AL.,

    Plaintiffs,

v.                                                                Case No. 3:24-CV-1206-HES-MCR

ALL ELITE WRESTLING, LLC, ET AL.,

    Defendants.

_____/

## DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY AND CASE MANAGEMENT OBLIGATIONS PENDING THE COURT'S RULING ON COMPELLING ARBITRATION

Defendants, All Elite Wrestling, LLC ("AEW"), Tony Khan, and Ian Riccaboni, by and through their undersigned counsel, respectfully move for this Court to stay discovery and the Parties' obligations under Federal Rule of Civil Procedure 26 and Local Rule 3.02 pending the Court's ruling on the remaining relief sought by Defendant's Omnibus Motion to Dismiss Plaintiffs' Complaint for Improper Venue or, in the Alternative, Transfer Venue, or Compel Arbitration and Dismiss Plaintiffs' Complaint ("Omnibus Motion") (Doc. 11).

## BACKGROUND

On August 29, 2024, Plaintiffs, Kevin Foote, Brandon Tate, and Brent Tate, initiated this action in the Philadelphia County Court of Common Pleas in Philadelphia, Pennsylvania. On October 4, 2024, Defendants timely removed this action to the United States District Court for the Eastern District of Pennsylvania,

invoking federal court jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and pursuant to 28 U.S.C. § 1331 because of the portions of Plaintiffs' Class Action Complaint implicating federal statutes. (*See generally* Doc. 1).

On October 11, 2024, Defendants filed their Omnibus Motion, and on November 21, 2024, the Eastern District of Pennsylvania granted that Motion to the extent that it transferred the case to this Court ("Prior Order") (Doc. 22). Because the Prior Order transferred the action to this Court, it did not rule on the portions of the Omnibus Motion pertaining to dismissing this action and compelling arbitration. (*Id.*) Defendants ask this Court, to the extent that those portions of the Omnibus Motion pertaining to arbitration are not currently pending, to reactivate the Omnibus Motion, so that Defendants can reassert, reiterate, and rely on those portions moving to compel arbitration and dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. 11 at 11–17, 26–40; *see also* Docs. 18 & 19). Due to the strength of the legal and factual grounds for compelling arbitration, Defendants believe that good cause exists to stay discovery and all case management obligations under the Federal Rules of Civil Procedure and Local Rules so that the entirety of this case can be litigated in the proper forum, i.e., arbitration.

## ARGUMENT WITH INCORPORATED MEMORANDUM OF LAW

Defendants' Omnibus Motion seeks to compel Plaintiffs' entire Class Action Complaint to arbitration and dismiss this action pending resolution thereof, the facts and legal basis for which are thoroughly explained in the Omnibus Motion, Plaintiffs' Response thereto, and Defendants' Reply. (*See* Doc. 11 at 11–17, 26–40; Docs. 18 &

19). Given the strength and well-stated grounds for compelling arbitration and dismissing the Class Action Complaint, neither Defendants nor Plaintiffs should be required to comply with the case management obligations required by Federal Rule of Civil Procedure 26 and Local Rule 3.02. Further, Defendants should not be subjected to, and Plaintiffs should not be permitted to propound, discovery regarding matters that are unequivocally required to be determined in arbitration. The relief sought herein is narrowly tailored to eliminate those concerns, as well as the prejudice Defendants stand to suffer should discovery be permitted.

Moreover, staying discovery is more efficient and respectful of judicial economy because it will reserve the Parties' and the Court's time, energy, and resources. For example, if discovery is permitted to proceed while the relevant portions of the Omnibus Motion are pending, the Parties will undoubtedly be required to engage in protracted discovery disputes and motion practice. While Defendants acknowledge that they could conceivably file motions for protective order to address these issues, the more reasonable and effective approach would be a stay on discovery. For these reasons, and those stated below, good cause exists to stay discovery and the Parties' Rule 26 and Local Rule 3.02 obligations until the Court has issued its ruling on the remaining issues in the Omnibus Motion.

I.   **Applicable Legal Principles**

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (holding that the district court did not abuse its "broad discretion" when entering stay to resolve motion to dismiss). Further, it is well-

established that a district court has inherent powers to manage its docket, including the power to stay, or extend, its proceedings. This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court, therefore, also has broad discretion over its management of pretrial activities and case management, including the entry of an appropriate stay. *See e.g. Patterson v. U.S. Postal Serv.*, 901 F.2d 927 (11th Cir. 1990) (district court did not abuse its discretion by staying pretrial deadlines and discovery).

The Eleventh Circuit has further instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). In this vein, the Eleventh Circuit recognizes that requiring the parties to engage in discovery while a motion to dismiss is pending can subject litigants to undue burden and expense. *Id.* at 1368 ("If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the Parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.").

4

The "party seeking the stay must prove good cause and reasonableness." *Anderson v. Bullard*, Case No. 8:18-cv-901-T-35AAS, 2018 U.S. Dist. LEXIS 193159, at *2 (M.D. Fla. Nov. 13, 2018) (citing *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 U.S. Dist. LEXIS 80216, at *3 (M.D. Ga. Oct. 10, 2008)) (granting motion to stay discovery based on pending motion to dismiss citing lack of personal jurisdiction). "In reviewing such facial challenges, a court must take a 'preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted.'" *Id*. "To determine whether a stay is appropriate, the Court must conduct a balancing test." *Id.* "It must weigh 'the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Id*. When considering the factors discussed above, good cause exists to grant this Motion to Stay.

II.    **Good Cause Exists and No Prejudice Results from A Stay**

Good cause exists to stay discovery and the Parties' Rule 26 and Local Rule 3.02 obligations because the Court's ruling may eliminate the need for discovery in this forum entirely by dismissing this action and compelling arbitration. It follows that setting case management deadlines at this stage would be equally futile and a waste of the Parties' and the Court's resources.

Even though the relief requested relevant portions of the Omnibus Motion should be granted in its entirety, the Court's ruling will undoubtedly shape case management and the scope of discovery in this action. For example, if the Court does not compel arbitration, Defendants intend to file subsequent dispositive motions

5

directed at the merits of Plaintiffs' allegations and the Class Action Complaint as a whole. Therefore, it would be a waste of time and resources to set deadlines and permit discovery before a sufficiently pled complaint and otherwise actionable claims are filed.

The stay requested herein will not prejudice either party and will only further the interests of judicial economy. Indeed, discovery has not yet commenced in this case and the Parties have not yet conferred pursuant to Federal Rule of Civil Procedure 26. The Court's denial of the stay on discovery will prejudice Defendants inasmuch as they would have to engage in discovery (and potentially discovery disputes) regarding claims that are brought in an inappropriate forum.

Finally, Defendants do not wish to waive their right to compel arbitration by acting inconsistently with that right and litigating this case in a judicial forum by setting case deadlines, engaging in further pretrial dispositive motion practice, and participating in discovery. *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200–01 (11th Cir 2011) (holding that a party seeking to compel arbitration waives that right if the party has acted inconsistently with the right to arbitration). Consistent with this and the other principles asserted throughout this Motion, courts in the Middle District have approved such limited stays of discovery and case management obligations while preliminary dispositive motions are pending. *See e.g. Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) ("While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action.'") (internal citations omitted).

Additionally, this Court has previously granted a stay of discovery in a similarly postured case involving a Rule 12(b)(6) motion to dismiss. *See, e.g., Steven Ludwig v. Deutsche Bank USA Core Corp.*, Case No. 3:20-cv-910-MMH-MCR, at Docket No. 39 (M.D. Fla. Jan. 19, 2021) (**attached as Exhibit A**). Therefore, good cause exists to stay all deadlines, further pretrial dispositive motions, and other pretrial deadlines and activities, until the issue of whether to compel arbitration is decided.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (1) grant the still-pending portions of the Omnibus Motion regarding compelling arbitration and dismissing this action, as briefed by the current filings (Docs. 11, 18, & 19); (2) grant this Motion to Stay; (3) stay all discovery and Rule 26 and Local Rule 3.02 obligations in this action until the Court rules on the Omnibus Motion; and (4) permit Defendants to file subsequent dispositive pretrial motions in this forum to the extent that arbitration is not compelled.

## LOCAL RULE 3.01(g)(2) CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned certifies that, prior to filing this Motion, the Parties, through counsel, conferred in good faith regarding this Motion and the relief sought via email exchanges on January 2, 2025. Defendants represent that Plaintiffs <u>do not oppose</u> the relief requested herein. Defendants further represent that Plaintiffs' counsel, Stephen P. New, Esq., is in the process of obtaining pro hac vice admission, and Mr. New has stated that his motion for admission is forthcoming.

DATED:   January 2, 2025

        Respectfully Submitted,

        JACKSON LEWIS P.C.

        By: /s/ B. Tyler White
        B. Tyler White, FBN: 0038213
        Tyler.White@jacksonlewis.com
        James D. McGuire, FBN: 1032198
        James.McGuire@jacksonlewis.com
        501 Riverside Avenue, Suite 902
        Jacksonville, FL  32202
        Tele: 904-638-2655
        Fax:  904-638-2656
        *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that on this 2nd day of January 2025, a true and correct copy of the foregoing has been served via electronic mail to the following counsel of record:

Stephen P. New, Esq.
New Taylor and Associates
430 Harper Park Drive
Beckley, WV 25801
steve@newlawoffice.com

*Attorney for Plaintiffs*

        /s/B. Tyler White
        Attorney

8