# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN LUDWIG,

    Plaintiff,

v.      Case No. 3:20-cv-910-J-34MCR

DB USA CORE CORPORATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Stay Discovery Pending the Court's Ruling on Defendant's Renewed Motion to Dismiss [D.E. 23] ("Motion") (Doc. 32), and Plaintiff's response in opposition thereto ("Response") (Doc. 33). For the reasons stated herein, the Motion is due to be **GRANTED**.

Federal courts have broad discretion to stay proceedings as part of their inherent authority to control their docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). "Moreover, a magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. Feb. 13, 2013) (citing *Tracy P. v. Sarasota Cnty.*, No. 8:05-cv-927-27EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007) and M.D. Fla. L.R. 6.01(c)(18)). Although, in general, motions to stay discovery are seldom granted, "courts have held that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire

action." *Gibbons v. Nationstar Mortg. LLC*, No. 3:14-cv-1315-J-39MCR, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015) (comparing *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (upholding the district court's grant of a motion to stay discovery where the pending dispositive motion established that discovery was unlikely to produce a genuine issue of material fact), with *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (denying a motion to stay discovery where the pending motion to dismiss would not entirely dispose of the case)).

With respect to stays of discovery, "the moving party bears the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652 (citation omitted). Moreover, "[i]n deciding whether to stay discovery pending resolution of a pending [dispositive] motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Id.* (same). In deciding a motion for a stay, "it is necessary for the Court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53. The Eleventh Circuit has also held that facial challenges to the legal sufficiency of a complaint in a dispositive motion to dismiss should be resolved before discovery begins. *See Cotton v. Massachusetts Mutual Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (citation omitted); *see also Moore v. Potter*, 141 F. App'x. 803, 807-08

2

(11th Cir. 2005) (upholding the staying of discovery until ruling on the defendant's motion to dismiss).

Although motions to stay are generally disfavored, after taking a "'a preliminary peek' at the merits" of Defendant's Motion to Dismiss (Doc. 23), *Feldman*, 176 F.R.D. at 652-53, the undersigned finds there is good cause to stay discovery pending resolution of the same. For purposes of deciding the instant Motion, the Motion to Dismiss appears to be meritorious and, if granted, would dispose of Plaintiff's claims. Moreover, the Court also finds there are no exceptional circumstances that would militate against a stay. In light of the foregoing, the Motion is due to be granted.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 32**) is **GRANTED**. Discovery in this case is **STAYED** pending the Court's ruling on Defendant's Motion to Dismiss.

2. In the event that this action proceeds after the Court's ruling on the Motion to Dismiss, within **ten (10) days** from the Court's ruling, the parties shall file a joint status report indicating how they intend to proceed in this case.

**DONE AND ORDERED** in Jacksonville, Florida, on January 19, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record