UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN FOOTE, ETC., ET AL.,

    Plaintiffs,

v.                                                Case No. 3:24-CV-1206-HES-MCR

ALL ELITE WRESTLING, LLC, ET AL.,

    Defendants.
_____/

**DEFENDANTS' UNOPPOSED MOTION TO SEAL EXHIBITS TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THIS ACTION UNDER LOCAL RULE 1.11**

Defendants, All Elite Wrestling, LLC ("AEW"), Ian Riccaboni, and Tony Khan, through their undersigned counsel, pursuant to Middle District of Florida Local Rule 1.11(b), respectfully move for an order allowing the filing of Ian Riccaboni's Talent Agreement, Kevin Foote's Talent Agreement, Brandon Tate's Wrestler Agreement, and Brent Tate's Wrestler Agreement (collectively, the "Agreements") under seal for the Court's review in consideration of Defendants' Motion to Compel Arbitration and Dismiss this Action ("Motion to Compel Arbitration") (Doc. 33), which is being filed contemporaneously with this Motion. In support, Defendants state as follows:

1

## MEMORANDUM OF LAW

### I.     Description of the Items Proposed for Sealing

The Agreements constitute the entirety of Plaintiffs' and Defendant Riccaboni's independent contractor relationships with AEW, the provisions of which Plaintiffs place directly at issue by nature of the allegations in the Complaint.

### II.    Why Filing the Agreements is Necessary

In short, by the very nature of the Complaint's allegations, which all arise out of Plaintiffs' independent contractor relationships with AEW, the Agreements relate to all of Plaintiffs' claims against Defendants. Further, filing the Agreements at this stage is necessary for the court to rule on the threshold issue of compelling arbitration because Plaintiffs argue that certain portions of the Agreements are unconscionable and are, therefore, unenforceable.

### III.   Why Sealing the Agreements is Necessary

The Agreements should be filed under seal consistent with the Parties' agreements regarding confidentiality. The Agreements each contain a nearly-identical confidentiality provision (*See, e.g.,* Ian Riccaboni's Talent Agreement at § 11).

Confidentiality is a material term of the Agreements and constitutes part of the consideration provided in exchange for the amounts paid to Plaintiffs for their services, and sealing the Agreements is necessary because the confidential terms disputed by Plaintiffs therein are essential to resolving the issue of compelling arbitration, as well as other issues that will arise throughout the course of this matter.

In considering applications to file documents under seal, courts apply a balancing test, weighing the presumption of public access to public documents against the interests favoring nondisclosure. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314–15 (11th Cir. 2001); *see also*, *e.g.*, *Medley v. American Cancer Soc'y,* No. 10-civ-3214, 2010 U.S. Dist. LEXIS 75098, at *1 n.1 (S.D.N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal."). Any public interest in obtaining access to the terms of the Agreements is outweighed by Defendants' legitimate interests in maintaining the confidentiality of the contractual relationships at issue. Moreover, regarding AEW and Defendant Khan specifically, maintaining confidentiality of the terms between AEW and its Talent and Wrestlers is essential for AEW to remain competitive in the wrestling industry, and allowing the Agreements to be filed on the public docket will result in substantial and irreparable harm to AEW's and Defendant Khan's business, which harm cannot be reduced or eliminated through any other reasonable means. *See FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 60–61 (11th Cir. 2013). Additionally, for the same reasons, Defendant Riccaboni has both a personal and business interest in the terms of his contractual relationship not being made public, especially considering that he, like Plaintiffs, entered into a confidentiality agreement with AEW.

### IV.   Redaction, or Means Other Than Sealing, is Not Satisfactory

Because Plaintiffs oppose Defendants' efforts to compel arbitration by asserting that the Agreements are unconscionable, a necessary part of the Court's ruling on arbitration will require it to review the Agreements in full, unredacted form. Moreover,

redaction, or any other means, will not cure the harm that all of the Defendants stand to suffer if the terms of AEW's confidential business relationships become accessible by its competitors. Therefore, there is no satisfactory alternative to sealing.

## V. Proposed Duration of the Seal

Defendants propose that the seal remain in place during the pendency of this action and expire following the final disposition of the case. Following the disposition of this case, Defendants intend to move for appropriate relief before the seal expires pursuant to Local Rule 1.11(e).

## VI. Identification and Information of Those Authorized to Retrieve a Sealed Tangible Item

Should the Court permit filing under seal, counsel of record for Defendants is authorized to retrieve any sealed tangible items. The Court can also return the Agreements to lead counsel for Defendants, B. Tyler White, Esq., Jackson Lewis P.C., 501 Riverside Avenue, Suite 902, Jacksonville, Florida 32202. Defendants are unaware of any non-parties who may have an interest in establishing or maintaining the seal. The Agreements are being filed contemporaneously with this Motion for the Court's consideration pursuant to the procedures provided in Local Rule 1.11 and on CM/ECF.

### CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 3.01(G)

On January 7, 2025, counsel for the Parties conferred via email, and Plaintiffs' counsel, Stephen P. New, Esq., has represented that he takes no position on a motion to seal.

DATED: January 8, 2025.

Respectfully submitted,

JACKSON LEWIS P.C.

By: /s/ B. Tyler White
B. Tyler White, FBN: 0038213
Tyler.White@jacksonlewis.com
James D. McGuire, FBN: 1032198
James.McGuire@jacksonlewis.com
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Tele: 904-638-2655
Fax:  904-638-2656
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of January 2025, a true and correct copy of the foregoing was electronically filed with the Court by using the CM/ECF system, and was served via electronic mail to the following counsel of record:

Stephen P. New, Esq.
New Taylor and Associates
430 Harper Park Drive
Beckley, WV 25801
steve@newlawoffice.com

*Attorney for Plaintiffs*

/s/B. Tyler White
Attorney

5