# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

KEVIN FOOTE (aka Kevin Kelly),
Individually and on behalf of all others
similarly situated, et al.;

        Plaintiffs,

v.                                                                            Case No. 3:24-CV-1206-HES-MCR

ALL ELITE WRESTLING, LLC, et al.;

        Defendants.

_____

### PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THIS ACTION

**COME NOW** Plaintiffs, by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 3.01 respectfully request that this Court grant them an extension of time until February 7, 2025 to respond to *Defendants' Motion to Compel Arbitration and Dismiss this Action* [ECF 33] based upon good cause and/or excusable neglect for the reasons stated herein.

## STATEMENT OF PROCEEDINGS

Plaintiffs initiated this action in the Court of Common Pleas of Philadelphia County, Pennsylvania on August 30, 2024. All Defendants filed a *Notice and Petition for Removal* of the action [ECF 1] with the United States District Court for the Eastern District of Pennsylvania on October 24, 2024 citing the Class Action Fairness Act set forth in 28 U.S.C. § 1332, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367. On October 11, 2024, Defendants filed *Defendants' Omnibus Motion to Dismiss Plaintiffs' Complaint for Improper Venue or, in the Alternative, Transfer Venue, or Compel Arbitration and Dismiss Plaintiffs' Complaint* [ECF 11]. Plaintiffs filed their *Response in Opposition* on November 1, 2024 [ECF 18]. On November 21, 2024, the United States District Court for the Eastern District of Pennsylvania granted Defendants' *Motion* [ECF 11] to the extent it seeks to transfer venue, transferring the action to this Court. [ECF 22].

Attorney Stephen P. New was granted permission to appear pro hac vice in this action on January 13, 2025. [ECF 36]. *Defendants' Motion to Compel Arbitration and Dismiss this Action* [ECF 33] was filed on January 8, 2025. This Court previously issued an *Order* [ECF 28] that required the Plaintiffs to respond to the *Motion* within seven (7) days of the date of the filing or January 15, 2025.

Plaintiffs have not yet filed a response in opposition and seek additional time to respond. This request is unopposed by Defendants.

## ARGUMENT

*Federal Rule of Civil Procedure 6 (b)(1)(B)* provides that a Court, for good cause, may extend the time to respond if the party failed to act because of excusable neglect. A Plaintiff seeking an extension of time must show good cause and excusable neglect. *Doe v. Vali Hosp. LLC,* No. 6:23-cv-2231-WWB-RMN, 2024 U.S. Dist. LEXIS 109055, at *2-3 (M.D. Fla. June 18, 2024) (citations omitted). "[A]ll pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" should be considered. *Id.* (citations and internal quotation marks omitted). Good cause requires a showing that "the schedule could not be met despite the party's diligence." *Id*. at * 3 (citation omitted).

Defendants are not opposing this motion and therefore, prejudice is not a factor. Plaintiffs acted in good faith by immediately attempting to correct their error upon discovery. No scheduling order has been entered in this matter; thus, no requirement for altering dates exists. Moreover, this issue of whether plaintiffs should be required to arbitrate a matter is a weighty one as arbitration deprives a

plaintiff of all the protections provided in a court proceeding and under the 7th Amendment of the United States Constitution.

Furthermore, Plaintiffs' counsel did not receive notification of this Court's Notice of November 22, 2024 [ECF 25] requiring counsel to be admitted *pro hac vice*. (*Affidavit of Attorney Stephen P. New ("New Affidavit")* at ¶ 2, attached hereto as Exhibit A and *Affidavit of Attorney Benjamin Baer ("Baer Affidavit")* at ¶ 2, attached hereto as Exhibit B.) Plaintiffs' counsel Stephen New did not receive this Court's January 3, 2025 *Order* [ECF 28] requiring counsel to respond to any motion to compel arbitration within seven (7) days of filing. (*New Affidavit* at ¶ 3; *Baer Affidavit* at ¶ ,) Attorney Baer only received the January 3, 2025 Order on January 13, 2025 via mail. Plaintiffs' counsel also did not receive this Court's January 6, 2025 *Order* [ECF 31 and 32] requiring counsel to be admitted *pro hac vice*. (*New Affidavit* at ¶ 4; *Baer Affidavit* at ¶ , .)

The January 3, 2025 *Order* setting a seven (7) day response time to respond to the *Motion* indicates that copies were to be provided to Plaintiffs' counsel, but did not indicate the manner of providing notice. *Federal Rule of Civil Procedure 5(b)(2)(E)* provides, in part, that service can be made by "sending it to a registered user by filing it with the court's electronic-filing system." Plaintiffs' counsel was not admitted *pro hac vice* until January 13, 2025 and was not a registered user of the electronic-filing system at the time of the January 3, 2025 *Order*. (*New*

*Affidavit* at ¶ 5.) Plaintiffs' counsel did not receive the Notice or *Orders* by ordinary mail. (*New Affidavit* at ¶ 6.)

Plaintiffs respectfully submit that they have met the standards for good cause and excusable neglect supporting an extension of time, and Defendants have consented to a response Plaintiffs intend to file no later than February 7, 2025, should this Court permit.

## CONCLUSION

Plaintiffs will ensure this will never happen again and thanks the Court for its consideration. For the foregoing reasons, Plaintiffs respectfully request that that this Court **GRANT** *Plaintiffs' Unopposed Motion for Extension of Time to File a Response to Defendants' Motion to Compel Arbitration and Dismiss this Action*.

/s/ Stephen P. New
Stephen New, Esquire
Stephen New & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
(304) 250-6017
steve@newlawoffice.com


/s/ Christopher Kellan
Christopher Kellam, Esq.
Florida Bar number 59989
(Member of the Middle District of Florida)
Keller Swan, PLLC
759 Parkway Street, Suite 202
Jupiter, Florida 33477
(561) 453-0626
ckellam@kellerswan.com

## **Certificate of Service:**

I HEREBY CERETIFY that, on this 29th day of January 2025, a true and correct copy of the foregoing was electronically filed with the Court by using the CM/ECF system, and was served via electronic mail to the following counsel of record:

JACKSON LEWIS P.C.
B. Tyler White, FBN: 0038213
Tyler.White@jacksonlewis.com
James D. McGuire, FBN: 1032198
James.McGuire@jacksonlewis.com
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Tele: 904-638-2655
Fax: 904-638-2656
*Counsel for Defendants*