# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

George C. Young Courthouse and Federal Building
401 West Central Boulevard
Orlando, FL 32801

| | |
|---|---|
| Elizabeth M. Warren | Richard Banke |
| Clerk of Court | Orlando Division Manager |

**DATE:** July 15, 2025

**TO:** Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

**KEVIN FOOTE, et. al,**

**VS.**                                       **CASE NO: 3:24-cv-01206-HES-MCR**

**ALL ELITE WRESTLING, LLC, et. al.**

---

**U.S.C.A. Case No.:**      **TBD**

- Honorable Harvey E. Schlesinger, United States Senior District Judge, appealed from.

- Copy of Notice of Appeal, docket entries, order appealed from.

                                             ELIZABETH M. WARREN, CLERK

                                             By:     s/NR, Deputy Clerk

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**KEVIN FOOTE, et al.,**

    Plaintiffs,

v.                                        Case No. 3:24-cv-1206-HES-MCR

**ALL ELITE WRESTLING, LLC, et al.,**

    Defendants

_____

## NOTICE OF APPEAL

Plaintiff Kevin Foote, individually and on behalf of all others similarly situated, et al., hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order on Defendants' Motion to Compel Arbitration and Dismiss the Action (Dkt. 53), entered on June 11, 2025, in the United States District Court for the Middle District of Florida.

                                                  Respectfully submitted,

                                                  By: /s/ Stephen P. New
                                                  Stephen New (pro hac vice)
                                                  Stephen New & Associates
                                                  430 Harper Park Drive
                                                  Beckley, WV  25801
                                                  Steve@newlawofice.com
                                                  304-250-6017
                                                  *Lead Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 11th day of July, 2025, a true and accurate copy of the foregoing was electronically filed with the Court by using the CM/ECF system, and was served via electronic email to the following counsel of record.

JACKSON LEWIS P.C.B.
Tyler White, FBN: 0038213
Tyler.White@jacksonlewis.com
James D. McGuire, FBN: 1032198
James.McGuire@jacksonlewis.com
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Tele: 904-638-2655
Fax: 904-638-2656
*Counsel for Defendants*

ADMCLOSED,APPEAL,SL DOC

## U.S. District Court
## Middle District of Florida (Jacksonville)
## CIVIL DOCKET FOR CASE #: <u>3:24−cv−01206−HES−MCR</u>

Foote, et al v. All Elite Wrestling, LLC, et al  
Assigned to: Senior Judge Harvey E. Schlesinger  
Referred to: Magistrate Judge Monte C. Richardson  
Case in other court:  
                Pennsylvania Eastern, 2:24−cv−05351  
Cause: 29:201 Fair Labor Standards Act

Date Filed: 11/22/2024  
Date Terminated: 06/11/2025  
Jury Demand: Both  
Nature of Suit: 190 Contract: Other  
Jurisdiction: Diversity

**Plaintiff**

**Kevin Foote**  
*Individually and on behalf of all others similarly situated*  
*agent of*  
aka Kevin Kelly

represented by **Benjamin Baer**  
Injury Law Partners  
1628 JFK Boulevard  
Suite 1302  
Philadelphia, PA 19103  
215−402−5900  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Stephen P. New**  
Stephen New & Associates  
430 Harper Park Drive  
Beckley, WV 25801  
304−250−6017  
Email: <u>steve@newlawoffice.com</u>  
*LEAD ATTORNEY*  
*PRO HAC VICE*  
*ATTORNEY TO BE NOTICED*

**Christopher Wade Kellam**  
Keller Swan  
759 Parkway Street  
Suite 202  
Jupiter, FL 33477  
561−453−0626  
Fax: 561−766−7054  
Email: <u>ckellam@kellerswan.com</u>  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brandon Tate**  
*Individually and on behalf of all others similarly situated*

represented by **Benjamin Baer**  
(See above for address)  
*TERMINATED: 05/30/2025*  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Stephen P. New**

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Wade Kellam**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brent Tate**
*Individually and on behalf of all others similarly situated*

represented by **Benjamin Baer**
(See above for address)
*TERMINATED: 05/30/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen P. New**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Wade Kellam**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**All Elite Wrestling, LLC**

represented by **B. Tyler White**
Jackson Lewis, PC
501 Riverside Ave Ste 902
Jacksonville, FL 32202
904−638−2655
Fax: 904−638−2656
Email: tyler.white@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D. McGuire**
Jackson Lewis P.C.
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
904−638−2655
Email: james.mcguire@jacksonlewis.com
*TERMINATED: 07/10/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Frederick Thornton**

2

|  |  |
|---|---|
|  | Jackson Lewis P.C.<br>1601 Cherry Street<br>Suite 1350<br>Philadelphia, PA 19102<br>267−319−7802<br>Email: daniel.thornton@jacksonlewis.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| **Ian Riccaboni** | represented by | **B. Tyler White**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**James D. McGuire**<br>(See above for address)<br>*TERMINATED: 07/10/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Daniel Frederick Thornton**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

**Defendant**

| **Tony Khan** | represented by | **B. Tyler White**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**James D. McGuire**<br>(See above for address)<br>*TERMINATED: 07/10/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Daniel Frederick Thornton**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

| Date Filed | # | Docket Text |
|---|---|---|
| 10/04/2024 | 1 | NOTICE OF REMOVAL by IAN RICCABONI, TONY KHAN, ALL ELITE WRESTLING, LLC (Filing fee $ 405 receipt number APAEDC−17792336), filed by IAN RICCABONI, TONY KHAN, ALL ELITE WRESTLING, LLC. (Attachments: # 1 Declaration of Chris Harrington, # 2 Exhibit A−Plaintiffs' Class Action Complaint, # 3 Exhibit B−CCP Docket Sheet, # 4 Exhibit C−Notice of Compliance, # 5 Civil Cover Sheet, # 6 Designation Form)(THORNTON, DANIEL) [Transferred from paed on 11/22/2024.] (Entered: 10/04/2024) |
| 10/07/2024 | 2 | |

|  |  |  |
|---|---|---|
|  |  | State Court record received from Court of Common Pleas of Philadelphia County. (CCP – Philadelphia County cv, ) [Transferred from paed on 11/22/2024.] (Entered: 10/07/2024) |
| 10/07/2024 | 3 | ORDERED THAT COUNSEL CONTEMPLATING FILING A MOTION UNDER FED. R. CIV. P. 12(B)(6), (E), OR (F), SHALL FIRST CONTACT OPPOSING COUNSEL TO DISCUSS THE SUBSTANCE OF THE CONTEMPLATED MOTION AND TO PROVIDE AN OPPORTUNITY TO CURE ANY ALLEGED PLEADING DEFICIENCIES OR STRIKE CERTAIN MATTER. THIS CONFERENCE SHALL TAKE PLACE AT LEAST SEVEN (7) DAYS BEFORE THE FILING OF THE MOTION. SIGNED BY DISTRICT JUDGE MIA ROBERTS PEREZ ON 10/7/24. 10/7/24 ENTERED AND COPIES E–MAILED.(rf, ) [Transferred from paed on 11/22/2024.] (Entered: 10/07/2024) |
| 10/08/2024 | 4 | Disclosure Statement Form pursuant to FRCP 7.1 including Beatnick Investments, LLC with Certificate of Service by ALL ELITE WRESTLING, LLC.(THORNTON, DANIEL) [Transferred from paed on 11/22/2024.] (Entered: 10/08/2024) |
| 10/08/2024 | 5 | Consent MOTION for Leave to File *Under Seal* filed by ALL ELITE WRESTLING, LLC, TONY KHAN, IAN RICCABONI.Memorandum, Certificate of Service. (Attachments: # 1 Exhibit A–Court of Common Pleas Order to Seal, # 2 Text of Proposed Order)(THORNTON, DANIEL) [Transferred from paed on 11/22/2024.] (Entered: 10/08/2024) |
| 10/08/2024 | 6 | APPLICATION for Admission Pro Hac Vice of James D. McGuire by ALL ELITE WRESTLING, LLC, TONY KHAN, IAN RICCABONI. ( Filing fee $ 75 receipt number APAEDC–17799110.). (THORNTON, DANIEL) [Transferred from paed on 11/22/2024.] (Entered: 10/08/2024) |
| 10/08/2024 | 7 | APPLICATION for Admission Pro Hac Vice of B. Tyler White by ALL ELITE WRESTLING, LLC, TONY KHAN, IAN RICCABONI. ( Filing fee $ 75 receipt number APAEDC–17799113.). (THORNTON, DANIEL) [Transferred from paed on 11/22/2024.] (Entered: 10/08/2024) |
| 10/10/2024 | 8 | ORDER THAT THE APPLICATION FOR PRO HAC VICE ADMISSION OF JAMES D. MCGUIRE IS GRANTED. SIGNED BY DISTRICT JUDGE MIA ROBERTS PEREZ ON 10/10/24. 10/10/24 ENTERED AND COPIES E–MAILED.(rf, ) [Transferred from paed on 11/22/2024.] (Entered: 10/10/2024) |
| 10/10/2024 | 9 | ORDER THAT THE APPLICATION FOR PRO HAC VICE ADMISSION OF B. TYLER WHITE IS GRANTED. SIGNED BY DISTRICT JUDGE MIA ROBERTS PEREZ ON 10/10/24. 10/10/24 ENTERED AND COPIES E–MAILED.(rf, ) [Transferred from paed on 11/22/2024.] (Entered: 10/10/2024) |
| 10/10/2024 | 10 | STIPULATION *Extending Page Limits* by ALL ELITE WRESTLING, LLC, TONY KHAN, IAN RICCABONI. (THORNTON, DANIEL) [Transferred from paed on 11/22/2024.] (Entered: 10/10/2024) |
| 10/11/2024 | 11 | MOTION to Dismiss *Plaintiffs' Complaint for Improper Venue or, in the Alternative, Transfer Venue, or Compel Arbitration and Dismiss Plaintiffs' Complaint* filed by ALL ELITE WRESTLING, LLC, TONY KHAN, IAN RICCABONI.Brief, Certificate of Service. (Attachments: # 1 Exhibit A–Talent Agreement, # 2 Text of Proposed Order)(THORNTON, DANIEL) [Transferred from paed on 11/22/2024.] (Entered: 10/11/2024) |

| | | |
|---|---|---|
| 10/11/2024 | 12 | APPLICATION for Admission Pro Hac Vice of Stephen P. New by KEVIN FOOTE, BRANDON TATE, BRENT TATE. ( Filing fee $ 75 receipt number APAEDC−17807584.). (BAER, BENJAMIN) [Transferred from paed on 11/22/2024.] (Entered: 10/11/2024) |
| 10/15/2024 | 13 | ORDER THAT APPLICATION OF STEPHEN P. NEW FOR PRO HAC VICE ADMISISON IS GRANTED. SIGNED BY DISTRICT JUDGE MIA ROBERTS PEREZ ON 10/15/24. 10/15/24 ENTERED AND COPIES E−MAILED.(rf, ) [Transferred from paed on 11/22/2024.] (Entered: 10/15/2024) |
| 10/22/2024 | 14 | ORDER granting 5 MOTION FOR LEAVE TO FILE AS OUTLINED HEREIN. SIGNED BY DISTRICT JUDGE MIA ROBERTS PEREZ ON 10/22/24.10/22/24 ENTERED AND COPIES E−MAILED.(rf, ) [Transferred from paed on 11/22/2024.] (Entered: 10/22/2024) |
| 10/25/2024 | 16 | STIPULATION re 11 MOTION to Dismiss *Plaintiffs' Complaint for Improper Venue or, in the Alternative, Transfer Venue, or Compel Arbitration and Dismiss Plaintiffs' Complaint* by KEVIN FOOTE, BRANDON TATE, BRENT TATE. (BAER, BENJAMIN) [Transferred from paed on 11/22/2024.] (Entered: 10/25/2024) |
| 10/29/2024 | 17 | STIPULATION AND ORDER EXTENDING TIME (UNTIL 11/1/24) FOR PLAINTIFFS TO RESPOND TO DEFENDANTS OMNIBUS MOTION TO DISMISS PLAINTIFFS COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TRANSFER VENUE, OR COMPEL ARBITRATION AND DISMISS PLAINTIFFS COMPLAINT SIGNED BY DISTRICT JUDGE MIA ROBERTS PEREZ ON 10/29/24. 10/29/24 ENTERED & E−MAILED.(fdc) [Transferred from paed on 11/22/2024.] (Entered: 10/29/2024) |
| 11/01/2024 | 18 | RESPONSE in Opposition re 11 MOTION to Dismiss *Plaintiffs' Complaint for Improper Venue or, in the Alternative, Transfer Venue, or Compel Arbitration and Dismiss Plaintiffs' Complaint* filed by KEVIN FOOTE, BRANDON TATE, BRENT TATE. (Attachments: # 1 Text of Proposed Order)(BAER, BENJAMIN) [Transferred from paed on 11/22/2024.] (Entered: 11/01/2024) |
| 11/08/2024 | 19 | REPLY to Response to Motion re 11 MOTION to Dismiss *Plaintiffs' Complaint for Improper Venue or, in the Alternative, Transfer Venue, or Compel Arbitration and Dismiss Plaintiffs' Complaint* filed by ALL ELITE WRESTLING, LLC, TONY KHAN, IAN RICCABONI. (MCGUIRE, JAMES) [Transferred from paed on 11/22/2024.] (Entered: 11/08/2024) |
| 11/12/2024 | 20 | APPLICATION for Admission Pro Hac Vice of Bill Tyler White by ALL ELITE WRESTLING, LLC, IAN RICCABONI, TONY KHAN. ( Filing fee $ 75 receipt number APAEDC−17872470.). (THORNTON, DANIEL) [Transferred from paed on 11/22/2024.] (Entered: 11/12/2024) |
| 11/13/2024 | 21 | ORDER THAT THE APPLICATION FOR PRO HAC VICE ADMISSION OF BILL TYLER WHITE IS GRANTED. SIGNED BY DISTRICT JUDGE MIA ROBERTS PEREZ ON 11/13/24. 11/13/24 ENTERED AND COPIES E−MAILED.(rf, ) [Transferred from paed on 11/22/2024.] (Entered: 11/13/2024) |
| 11/21/2024 | 22 | ORDER THAT DEFENDANTS' OMNIBUS 11 MOTION TO DISMISS IS GRANTED TO THE EXTENT IT SEEKS TO TRANSER VENUE. THIS CASE IS HEREBY TRANSFERRED TO THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA. SIGNED BY DISTRICT JUDGE MIA ROBERTS PEREZ ON 11/21/24.11/21/24 ENTERED & E−MAILED.(fdc) [Transferred from paed on |

| | | |
|---|---|---|
| | | 11/22/2024.] (Entered: 11/21/2024) |
| 11/22/2024 | 23 | Case transferred in from District of Pennsylvania Eastern; Case Number 2:24–cv–05351. File received electronically (Entered: 11/22/2024) |
| 11/22/2024 | 24 | Case TRANSFERRED from the Eastern District of Pennsylvania. Case assigned to District Judge Harvey E. Schlesinger and Magistrate Judge Monte C. Richardson. New Case Number: 3:24–cv–1206–HES–MCR. (MDC) (Entered: 11/22/2024) |
| 11/22/2024 | 25 | NOTICE TO COUNSEL Benjamin Baer, Stephen P. New, Daniel Frederick Thornton, and Bill Tyler White of Local Rule 2.01(a), which requires membership or special admission in the Middle District bar to practice in the Middle District, except for the limited exceptions identified in the Rule. To apply for membership in the Middle District, visit www.flmd.uscourts.gov/for–lawyers. (Signed by Deputy Clerk). (GL) (Entered: 11/22/2024) |
| 11/25/2024 | 26 | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (TPL) (Entered: 11/25/2024) |
| 01/02/2025 | 27 | Unopposed MOTION to Stay Discovery *and Case Management Obligations Pending the Court's Ruling on Compelling Arbitration* by All Elite Wrestling, LLC. (Attachments: # 1 Exhibit A)(White, B.) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 01/02/2025) |
| 01/03/2025 | 28 | **ORDER granting in part and denying in part 27 Defendant's Unopposed Motion to Stay Discovery and Case Management Obligations Pending the Court's Ruling on Compelling Arbitration; SEE ORDER FOR ADDITIONAL DETAILS. Signed by Senior Judge Harvey E. Schlesinger on 1/3/2025. (TPL)** (Entered: 01/03/2025) |
| 01/06/2025 | 31 | **ENDORSED ORDER directing counsel Benjamin Baer, Esq. to comply with Rule 2.01, which requires membership or special admission in the Middle District bar to practice in the Middle District. Counsel shall comply on or before January 17, 2025, and is cautioned that failure to do so may result in counsel being terminated from this action with no further notice. Signed by Magistrate Judge Monte C. Richardson on 1/6/2025. (SHS)** (Entered: 01/06/2025) |
| 01/06/2025 | 32 | **ENDORSED ORDER directing counsel Stephen P. New, Esq. to comply with Rule 2.01, which requires membership or special admission in the Middle District bar to practice in the Middle District. Counsel shall comply on or before January 17, 2025, and is cautioned that failure to do so may result in counsel being terminated from this action with no further notice. Signed by Magistrate Judge Monte C. Richardson on 1/6/2025. (SHS)** (Entered: 01/06/2025) |
| 01/08/2025 | 33 | MOTION to Compel Arbitration *and Dismiss this Action* by All Defendants. (Attachments: # 1 Exhibit Exhibits A–D Placeholders, # 2 Exhibit E, # 3 Exhibit F)(White, B.) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: |

| | | |
|---|---|---|
| | | 01/08/2025) |
| 01/08/2025 | 34 | MOTION to file DOCUMENT under seal by All Defendants (Attachments: # 1 Proposed Sealed Item Exhibit A, # 2 Proposed Sealed Item Exhibit B, # 3 Proposed Sealed Item Exhibit C, # 4 Proposed Sealed Item Exhibit D)(White, B.). Motions referred to Magistrate Judge Monte C. Richardson. Modified text on 1/9/2025 (KME). (Entered: 01/08/2025) |
| 01/10/2025 | 35 | Unopposed MOTION for Stephen P. New to appear pro hac vice by All Plaintiffs. (Kellam, Christopher) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 01/10/2025) |
| 01/13/2025 | 36 | **ENDORSED ORDER granting 35 Unopposed Motion for Special Admission. If Stephen P. New, Esq., has not already done so, he shall immediately register for a login and password for electronic filing at the Court's website at www.flmd.uscourts.gov. Signed by Magistrate Judge Monte C. Richardson on 1/13/2025. (JRC)** (Entered: 01/13/2025) |
| 01/13/2025 | | FEE PAID. Fee for pro hac vice appearance, Receipt No. AFLMDC−22903838 for $150 paid. Special Admission for Non−Resident Attorney Stephen P. New. (Kellam, Christopher) (Entered: 01/13/2025) |
| 01/14/2025 | 37 | NOTICE TO COUNSEL Daniel Frederick Thornton of Local Rule 2.01(a), which requires membership or special admission in the Middle District bar to practice in the Middle District, except for the limited exceptions identified in the Rule. To apply for membership in the Middle District, visit www.flmd.uscourts.gov/for−lawyers. (Signed by Deputy Clerk). (FLY) (Entered: 01/14/2025) |
| 01/15/2025 | 38 | NOTICE of Lead Counsel Designation by Stephen P. New on behalf of Kevin Foote, Brandon Tate, Brent Tate. Lead Counsel: Stephen P. New. (New, Stephen) (Entered: 01/15/2025) |
| 01/15/2025 | 39 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Kevin Foote, Brandon Tate, Brent Tate. (New, Stephen) (Entered: 01/15/2025) |
| 01/21/2025 | 40 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by All Elite Wrestling, LLC identifying Corporate Parent Beatnik Investments LLC for All Elite Wrestling, LLC.. (White, B.) (Entered: 01/21/2025) |
| 01/21/2025 | 41 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Ian Riccaboni. (White, B.) (Entered: 01/21/2025) |
| 01/21/2025 | 42 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Tony Khan. (White, B.) (Entered: 01/21/2025) |
| 01/29/2025 | 43 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 33 MOTION to Compel Arbitration *and Dismiss this Action* by Kevin Foote, Brandon Tate, Brent Tate. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(New, Stephen) Motions referred to Magistrate Judge Monte C. Richardson. Modified on 1/30/2025 to edit text (ELA). (Entered: 01/29/2025) |
| 01/30/2025 | 44 | MOTION to Amend 43 Unopposed MOTION for Extension of Time to File Response/Reply as to 33 MOTION to Compel Arbitration *and Dismiss this Action* by Kevin Foote, Brandon Tate, Brent Tate. (Attachments: # 1 Exhibit A)(New, Stephen) (Entered: 01/30/2025) |

| | | |
|---|---|---|
| 02/06/2025 | 45 | **ENDORSED ORDER granting 43 Plaintiffs' Unopposed Motion for Extension of Time to File a Response to Defendants' Motion to Compel Arbitration and Dismiss this Action and granting 44 Plaintiff's Motion to Substitute Exhibit to Plaintiffs' Unopposed Motion for Extension of Time. Plaintiffs shall have until February 10, 2025, to respond to Defendants' Motion. Signed by Magistrate Judge Monte C. Richardson on 2/6/2025. (JRC)** (Entered: 02/06/2025) |
| 02/10/2025 | 46 | RESPONSE in Opposition re 33 MOTION to Compel Arbitration *and Dismiss this Action* filed by Kevin Foote, Brandon Tate, Brent Tate. (New, Stephen) (Entered: 02/10/2025) |
| 04/23/2025 | 49 | MOTION for Benjamin Baer to Withdraw as Attorney by Kevin Foote, Brandon Tate, Brent Tate. (New, Stephen) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 04/23/2025) |
| 04/24/2025 | 50 | **ENDORSED ORDER denying without prejudice 49 Motion to Withdraw as Counsel for Defendant. The Motion fails to comply with Local Rules 2.2(c), 3.01(a), and 3.01(g). Signed by Magistrate Judge Monte C. Richardson on 4/24/2025. (JRC)** (Entered: 04/24/2025) |
| 05/28/2025 | 51 | Unopposed MOTION for Benjamin Baer to Withdraw as Attorney by Kevin Foote, Brandon Tate, Brent Tate. (Attachments: # 1 Exhibit A)(New, Stephen) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 05/28/2025) |
| 05/30/2025 | 52 | **ENDORSED ORDER granting 51 Plaintiff's Unopposed Motion to Withdraw as Counsel. Benjamin J. Baer, Esq. is relieved of any further responsibility as counsel for Plaintiff in this matter, but he shall comply with all applicable obligations on withdrawing counsel, including any applicable Bar Rules. Signed by Magistrate Judge Monte C. Richardson on 5/30/2025. (SBL)** (Entered: 05/30/2025) |
| 06/11/2025 | 53 | **ORDERED: 33 Defendant's Motion to Compel Arbitration and Dismiss This Action is granted to the extent that it seeks to compel arbitration and denied to the extent that it seeks to dismiss the action, and the parties are compelled to arbitrate all Plaintiff's claims asserted in this lawsuit; directions to the Clerk. Signed by Senior Judge Harvey E. Schlesinger on 6/10/2025. (TPL)** (Entered: 06/11/2025) |
| 07/09/2025 | 54 | MOTION for James D. McGuire to Withdraw as Attorney by All Defendants. (McGuire, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 07/09/2025) |
| 07/10/2025 | 55 | **ENDORSED ORDER granting 54 Defendants' Motion to Withdraw. James D. McGuire, Esq. is relieved of any further responsibility as counsel for Defendants in this matter, but he shall comply with all applicable obligations on withdrawing counsel, including any applicable Bar rules. Signed by Magistrate Judge Monte C. Richardson on 7/10/2025. (SBL)** (Entered: 07/10/2025) |
| 07/11/2025 | 56 | NOTICE OF APPEAL as to 53 Order on Motion to Compel by Kevin Foote, Brandon Tate, Brent Tate. Filing fee $ 605, receipt number AFLMDC−23597558. (New, Stephen) (Entered: 07/11/2025) |

8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN FOOTE, et al.,

    Plaintiffs,

v.                                                            Case No. 3:24-cv-1206-HES-MCR

ALL ELITE
WRESTLING, LLC, et al.,

    Defendants.
_____/

### O R D E R

This matter is before this Court on "Defendants' Motion to Compel Arbitration and Dismiss this Action" (Dkt. 33), and "Plaintiffs' Response in Opposition to Defendants' Motion to Compel Arbitration and Dismiss this Action" (Dkt. 46).

### I.

Plaintiffs filed this case in the Philadelphia Court of Common Pleas in August 2024. (Dkt. 1-2.) On October 4, 2024, Defendants removed this case to the District Court for the Eastern District of Pennsylvania ("EDPA"). (Dkt. 1.) One week later, the defendants moved to dismiss the case for improper venue or, in the alternative, to transfer venue or compel arbitration. (Dkt. 11.) On November 21, the district court in Pennsylvania granted the defendant's

motion to transfer venue. (Dkt. 22.) The next day, the case was transferred to the Middle District of Florida and assigned to the undersigned. (Dkt. 23.)

On January 2, 2025, Defendants moved to stay discovery until this Court determined whether to compel arbitration. (Dkt. 27.) Defendants did not file a motion to compel arbitration but instead asked this Court to "reactivate" the motion to compel filed in EDPA. (*Id.* at 2.) On January 3, 2025, this Court granted the motion to stay discovery pending this Court's ruling on compelling arbitration but denied the motion insofar as it asked this Court to revisit the motion to compel filed in EDPA. This Court directed Defendants to file a new motion to compel arbitration with this Court within seven days or the stay would be lifted. (Dkt. 28.)

Defendants now move to compel arbitration pursuant to the terms of the parties' independent contractor agreements ("Agreements") and dismiss the present action pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. 33.) In their Response, Plaintiffs argued that arbitration should not be compelled because the Agreements are unconscionable and unenforceable. (Dkt. 46.)

The parties do not dispute that a valid written agreement to arbitrate was executed and agreed to by the parties. (Dkt. 34-2 at 18, 22; 34-3 at 18, 22; 34-4 at 17, 21.) Plaintiff Kevin Foote signed and executed his Agreement with

2

AEW on July 10, 2023, and Plaintiffs Brandon and Brent Tate signed and executed their Agreements on August 23, 2023, and August 9, 2022, respectively. (*Id.*) Section 16.1 of the Agreements is identical in each and provides:

> [A]ll disputes between Talent and AEW, including, without limitation, any dispute relating to any matter arising under this Agreement or any dispute concerning the performance, application or interpretation of any provision of this Agreement (including, without limitation, the application of this Section 16 to any dispute), shall be resolved for final, binding, and conclusive arbitration conducted before a single arbitrator in Duval County, Florida and administered by JAMS, Inc. pursuant to its Comprehensive Arbitration Rules and Procedures.

(Dkt. 34-1 at 18.)

## II.

The Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") governs motions to enforce arbitration agreements. Because "arbitration is a matter of contract," *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010), "courts must 'rigorously enforce' arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U. S. 213, 221 (1985)). A party may move to enforce an arbitration agreement, and a court must stay proceedings and compel arbitration if the claims in question are arbitrable. 9 U.S.C. §§ 3, 4. A

claim is arbitrable if it falls within the scope of the parties' arbitration agreement.

Although the threshold question of "arbitrability" — whether the parties' dispute falls within the scope of the parties' arbitration agreement — would typically be decided by the courts, the parties can include a "delegation provision" in their arbitration agreement, essentially contracting that the arbitrator will decide the issue of arbitrability. *Rent-A-Center*, 561 U.S. at 69 (citing *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83-85 (2002)). Faced with a delegation provision, the court must answer two questions: (1) "whether the parties clearly and unmistakably agreed to delegate questions of arbitrability to an arbitrator[;]" and (2) "whether [the party opposing arbitration] has specifically challenged the enforceability of the parties' delegation agreement." *Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1296 (11th Cir. 2022). The Eleventh Circuit enforces parties' agreements to refer threshold questions of arbitrability to the arbitrator. *Given v. M&T Bank Corp. (In re Checking Acct. Overdraft Litig.)*, 674 F.3d 1252, 1255 (11th Cir. 2012).

If the parties agreed to delegate arbitrability questions and the opposing party has not specifically challenged the delegation provision, the court must end its inquiry and refer the matter to arbitration. *Attix*, 35 F.4th at 1302-04.

In other words, if the objecting party does not specifically challenge the *delegation provision* of the arbitration agreement — as opposed to the arbitration agreement as a whole — "the federal courts must treat the delegation provision 'as valid under [FAA] § 2, and [sic] must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator.'" *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146-47 (11th Cir. 2015) (quoting *Rent-A-Center*, 561 U.S. at 72).

### III.

This Court will stay proceedings and refer this matter to arbitration. Under the analysis in *Attix*, this Court's first inquiry is whether the parties "unmistakably agreed to delegate questions of arbitrability to an arbitrator." 35 F.4th at 1296. Here, the Agreements contain an express delegation clause and incorporate by reference the JAMS, Inc. Comprehensive Rules and Procedures. Section 16.1 of the Agreements provides "any dispute relating to any matter under this agreement . . . including, without limitation, the application of this Section 16 to any dispute . . . shall be resolved for final, binding, and conclusive arbitration." (Dkt. 34-2 at 18.) This is classic delegation language. Moreover, Section 16.1 provides that arbitration shall be "administered by JAMS, Inc. pursuant to its Comprehensive Arbitration Rules

5

and Procedures." (*Id.*) These Rules provide:

> (b) Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

JAMS, Inc., JAMS Comprehensive Arbitration Rules & Procedures, Rule 11(b) (2021), https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-11 (last visited June 4, 2025).

Incorporating the JAMS rules and procedures validly delegates arbitrability to the arbitrator. *Attix*, 35 F.4th at 1298 ("By incorporating this AAA rule about the arbitrator's 'power to rule on his or her own jurisdiction' into their agreement, [the parties] clearly and unmistakably agreed to arbitrate threshold arbitrability disputes."). By committing issues about "the application of . . . Section 16 to any dispute" to an arbitrator's review and incorporating the JAMS rules and procedures, "the provision clearly and unmistakably sends threshold arbitrability disputes to an arbitrator instead of a court." *Attix*, 35 F.4th at 1297; *see also JPay, Inc. v. Kobel*, 904 F.3d 923, 937 (11th Cir. 2018) (finding that "by incorporating AAA rules into an agreement parties clearly and unmistakably evince an intent to delegate questions of arbitrability.").

6

Next, this Court inquires "whether [the party opposing arbitration] has specifically challenged the enforceability of the parties' delegation agreement." *Attix*, 35 F.4th at 1302. Plaintiffs have not. "A party specifically challenges the validity or enforceability of a delegation agreement if, and only if, the substantive nature of the party's challenge meaningfully goes to the parties' precise agreement to delegate threshold arbitrability issues." *Id.* at 1304 (citing *Rent-A-Center*, 561 U.S. at 71-72). Reading Plaintiffs' Response in the most gracious light possible, this Court finds that Plaintiffs have not specifically challenged the delegation clause. (Dkt. 46 at 16.) Plaintiffs contend "the Arbitration provisions are unconscionable and unenforceable;" "these provisions would include the delegation clause;" and "the reasons supporting the unconscionability of the entire Agreement also support the unconscionability of the delegation provision." (*Id.*)

These generalized allegations are not sufficient to constitute a "specific challenge" to the delegation clause in Section 16 of the Agreement. "To directly or specifically challenge the validity or enforceability of a delegation agreement, it is not sufficient for a party to merely say the words, 'I am challenging the delegation agreement[;]' challenging a delegation agreement is a matter of substance, not form." *Attix*, 35 F.4th at 1304 (internal quotations

7

omitted). Plaintiffs' Response "only challenges the arbitration provision generally and therefore falls short of the *Rent-A-Center* pleading requirements." *Parnell*, 804 F.3d at 1148. Plaintiffs contend that "the reasons supporting the unconscionability of the entire Agreement also supports the unconscionability of the delegation provision," (Dkt. 46 at 16) but they do not offer any details about why the delegation provision specifically, apart from the Agreement as a whole, is unconscionable and thus unenforceable. *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1265 (11th Cir. 2017) (finding that the delegation clause was not directly challenged when "the heart of [plaintiff's] argumentation was directed at the agreement as a whole.").

Because Plaintiffs fail to "specifically challenge the parties' agreement *to commit to arbitration* the question of the enforceability of the arbitration agreement" *Parnell*, 804 F.3d at 1149 (emphasis in original), their challenges must be decided in arbitration. *Attix*, 35 F.4th at 1304 (citing *Parnell*, 804 F.3d at 1146-47). As such, this matter will be referred to arbitration, the arbitrator will determine the threshold issues of arbitrability, and this litigation will be stayed during the pendency of the arbitration proceedings.

8

Accordingly, it is **ORDERED**:

1. "Defendants' Motion to Compel Arbitration and Dismiss This Action" (Dkt. 33) is **GRANTED** to the extent that it seeks to compel arbitration and **DENIED** to the extent that it seeks to dismiss the action, and the Parties are compelled to arbitrate all Plaintiff's claims asserted in this lawsuit;

2. The Clerk is directed to **ADMINISTRATIVELY CLOSE** the file during the pendency of the arbitration proceedings and to terminate all pending motions; and

3. Plaintiff shall update this Court on the arbitration proceedings every ninety days.

**DONE AND ORDERED** in Jacksonville, Florida, this /05 day of June, 2025.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Stephen P. New, Esq.
Christopher Wade Kellam, Esq.
B. Tyler White, Esq.
James D. McGuire, Esq.
Daniel Frederick Thornton, Esq.

9